**LAYFIELD & BARRETT, APC**
A. NATHANIEL BORTZ, ESQ. (SBN 266124)
n.bortz@layfieldbarrett.com
9170 Irvine Center Drive
Irvine, CA 92618
Telephone: (949) 202-5511
Facsimile: (800) 644-9861

Attorneys for Plaintiff,
*MARGOT MILLABAS*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| MARGOT MILLABAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and DOES 1 through 100, inclusive,<br><br>Defendants. | **COMPLAINT FOR:**<br><br>**(1) MEDICAL MALPRACTICE FALLING UNDER THE FEDERAL TORT CLAIMS ACT (FTCA) -28 U.S.C. §2671, ET SEQ., AS PLAINTIFF'S COMPLAINTS ARISE FROM SUBSTANDARD MEDICAL CARE PROVIDED BY THE VETERANS AFFAIRS PALO ALTO HEALTH CARE SYSTEM**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Margot Millabas ("Plaintiff") alleges based on her personal belief with respect to her own acts and on information and belief with respect to all other matters:

## **NATURE OF ACTION**

1. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b) and 2671 et., seq., which vests exclusive subject matter jurisdiction of federal tort claims against the United States and its agents in federal district courts for negligence, personal injury, and other state law/common law torts, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the state of California.

2. This is a medical malpractice case whereby Plaintiff Margot Millabas ("Plaintiff) received substandard medical treatment from the V.A. AFFAIRS PALO ALTO HEALTH CARE SYSTEM ("Palo Alto VA" hereinafter) Emergency Room. Plaintiff served a timely notice of claim

1  to the Palo Alto VA, who instructed Plaintiff that she would be required to file this lawsuit in the
2  Northern District Federal Court in order to be made whole for the damages sustained as a result of
3  the Palo Alto VA's medical malpractice.  Therefore, Plaintiff files this lawsuit.

## PARTIES

5  3.  Plaintiff Margot Millabas is an individual and resident of San Jose, California.
6  4.  Plaintiff was informed by the Department of Veterans Affairs that the Department of
7  Veterans Affairs is an Executive Department of the United States and that claims arising from
8  Medical Malpractice at the Palo Alto VA must be filed against the United States of America
9  pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. §2671, ET SEQ.

## JURISDICTION AND VENUE

11  5.  This Court has jurisdiction over the entire action because this is a civil action arising
12  from the medical malpractice of medical doctors employed by the PALO ALTO VA.  Therefore,
13  Plaintiff's claims must be filed against the United States of America pursuant to the Federal Tort
14  Claims Act ("FTCA") 28 U.S.C. §2671, ET SEQ.  According to correspondence from the
15  Department of Veterans Affairs, this action must be filed in the district court where the applicable
16  district.  Venue is therefore proper in the Northern District, as the medical malpractice occurred in
17  Palo Alto, California, which falls into the Northern District's geographical jurisdiction.
18  6.  Venue is proper because the acts and omissions complained of took place within the
19  venue of this Court, and/or one or more of the Defendants reside within the venue of this Court.

## GENERAL ALLEGATIONS

21  7.  Plaintiff is currently ignorant of the true names and capacities, whether individual,
22  corporate, associate, or otherwise, of the defendants sued herein under the fictitious names DOES 1
23  through 100, inclusive, and therefore, sues such defendants by such fictitious names.  Plaintiff will
24  amend this complaint to allege the true names and capacities of said fictitiously named defendants
25  when their true names and capacities have been ascertained.  Plaintiff is informed and believes and
26  thereon alleges that each of the fictitiously named DOE defendants is legally responsible in some
27  manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff.
28  ///

8. Plaintiff is informed, believes, and thereon alleges that all defendants, including the fictitious DOE defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants; however, this allegation is pleaded as an "alternative" theory wherever not doing so would result in a contradiction with other allegations.

9. All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

## FACTUAL ALLEGATIONS

10. On or about September 28, 2015, Plaintiff sought treatment from the Palo Alto VA's Emergency Room for pain in her left ear.

11. The Emergency Room doctor that treated Plaintiff failed to look into her left ear with an Otoscope.

12. The Emergency Room doctor that treated Plaintiff ordered another employee of the Palo Alto VA to irrigate Plaintiff's left ear, essentially flushing the ear canal with liquid.

13. Had the treating physician looked into Plaintiff's left ear with an Otoscope, he/she would have easily been able to discern that Plaintiff was suffering from a fungal ear infection rather than a bacterial ear infection.

14. On or around October 1, 2015, Plaintiff returned to the Palo Alto VA medical facility due to excruciating pain in her left ear. She was referred to Dr. Shorago, an Ear Nose and Throat Specialist employed by Palo Alto VA. Dr. Shorago reported to Plaintiff that the treatment she received on September 28, 2015 from Palo Alto VA's Emergency Room, including the irrigation of Plaintiff's ear, was "not proper protocol" considering the symptoms of which Plaintiff

///

1  complained.  Dr. Shorago diagnosed Plaintiff with a fungal infection and "vacuumed" out fungus
2  and prescribed an anti-fungal topical cream.
3        15.    Dr. Shorago informed Plaintiff that irrigating her left ear on October 28, 2015
4  exacerbated her fungal ear infection, causing the fungus growing in her ear to rapidly grow much
5  worse.
6        16.    Approximately five days later, on or around October 6, 2015, Plaintiff again
7  returned to the Palo Alto VA medical facility due to severe and excruciating pain in her left ear.
8  She was referred to Dr. Makarewycz, an Ear Nose and Throat Specialist employed by Palo Alto
9  VA.  Dr. Makarewycz reported to Plaintiff that the treatment she received on October 1, 2015 was
10 substandard, that Dr. Shorago "did not do a good job".  Further, Dr. Makarewycz informed her that
11 she should not have been prescribed antibiotic eardrops by the Palo Alto VA's Emergency Room
12 and that she needed to discontinue treatment thereof.
13        17.    Thereafter, Plaintiff attempted to make a follow up appointment but was told by Dr.
14 Makarewycz's staff that Dr. Makarewycz would not see her and that "there was nothing more he
15 could do."
16        18.    As a direct and proximate result of the substandard medical treatment Plaintiff
17 received from the Palo Alto VA, she has been diagnosed with tinnitus, hearing loss, nerve loss, and
18 "stiff ear."
19        19.    Plaintiff suffered severe and permanent impairment as a result of the aforementioned
20 medical negligence of the PALO ALTO VA.  Plaintiff has incurred, and will continue to incur
21 medical expenses into the future. Plaintiff has also suffered severe emotional distress as a result of
22 her injuries that have rendered her partially disabled.
23        20.    As a direct result of the negligence of the PALO ALO VA, Plaintiff suffers from
24 tinnitus, which is a permanent ringing in her ears, as well as permanent hearing loss.  Plaintiff is
25 entitled to recover for her loss of future earning capacity caused by the medical malpractice that
26 occurred at the Palo Alto VA.
27 ///
28 ///

COMPLAINT

# FIRST CAUSE OF ACTION
## MEDICAL MALPRACTICE FALLING UNDER THE FEDERAL TORT CLAIMS ACT (FTCA) -28 U.S.C. §2671, ET SEQ., AS PLAINTIFF'S COMPLAINTS ARISE FROM SUBSTANDARD MEDICAL CARE PROVIDED BY THE VETERANS AFFAIRS PALO ALTO HEALTH CARE SYSTEM

**(By Plaintiff Against the United States of America, and DOES 1 through 100)**

21. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this complaint, as through fully set forth herein.

22. The Palo Alto VA and its Emergency Room personnel had a duty of care running to Plaintiff as her treating medical provider. This duty required the Palo Alto VA and its medical professionals on staff to utilize the level of skill, knowledge, and care in the diagnosis and treatment of Plaintiff that other reasonably careful medical providers would under the same or similar circumstances.

23. The Department of Veterans Affairs, which includes the Palo Alto VA, is part of the Executive Department of the United States and claims arising from Medical Malpractice at the Palo Alto VA must be filed against the United States of America pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. §2671, ET SEQ.

24. The Palo Alto VA, its medical doctors and other medical professionals, and each of them, deviated from applicable standards of care in their profession, and breached the duty to Plaintiff in several ways including, but not limited to, the following: by failing to look into Plaintiff's ear with an Otoscope when she complained of earache, by irrigating Plaintiff's ear without first looking into her ear with an Otoscope to determine whether she was suffering from a fungal ear infection or bacterial ear infection; by prescribing antibiotic ear drops which exacerbated Plaintiff's fungal ear infection; by inadequately vacuuming Plaintiff's ear once it was determined that she had a fungal ear infection; and by refusing further treatment upon request.

25. Plaintiff reserves the right to assert other acts and omissions that amount to negligence in the care and treatment rendered to Plaintiff by the Palo Alto VA, to be further set as discovered during litigation.

26. As a direct, legal, and proximate result of the medical malpractice and negligent conduct of the Palo Alto VA, its doctors and staff, and DOES 1-100, Plaintiff has suffered physical

harm, prolonged pain and suffering, and emotional harm.  She has also suffered economic damages in the form of loss of past, present, and future earning capacity and the need for additional medical care and the costs of suit.  Additionally, the medical malpractice and negligent conduct of the Palo Alto VA caused Plaintiff to require further treatment, the potential for surgery, and permanent injuries including constant ringing in her ears and permanent hearing loss.

27.  The amounts to be sought of the full measure of economic and general damages will be proven at the time of trial in the amount of $1,000,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against defendants as follows:

1. For a judgment against all defendants in the amount of $1,000,000.00 for general damages and compensatory damages, and other damages according to proof;
2. For special and consequential damages according to proof at trial;
3. For costs of suit herein;
4. For pre-judgment interest as provided for by applicable law; and,
5. For a trial by jury;
6. For such further relief as the Court may deem just and proper.

DATED:  October 21, 2016                **LAYFIELD & BARRETT, APC**

By: _____
A. Nathaniel Bortz, Esq.
*Attorney for Plaintiff Margot Millabas*

LAYFIELD & BARRETT, APC
9170 IRVINE CENTER DRIVE, IRVINE, CA 92618
Telephone: (949) 202-5511; Facsimile: (800) 644-9861

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all claims and causes of action in this lawsuit.

DATED:   October 21, 2016            **LAYFIELD & BARRETT, APC**

By: _____
A. Nathaniel Bortz, Esq.
*Attorney for Plaintiff Margot Millabas*